[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The defendant, Tradewinds Irrigation, LLC, filed a mechanic's lien with the Town Clerk of South Windsor. The plaintiff is asking this court to discharge the lien because the plaintiff claims that the lien does not comply with General Statutes § 49-34 (1)(c) in that the notarization does not state that there was an administration of an oath as required by the statute.
The pertinent portion of the statute (1)(c) requires that the certificate of lien be "subscribed and sworn to by the claimant . . ."
The parties do not disagree that the oath must be administered in accordance with General Statutes § 1-22, which requires that a ceremony be used in administering the oath and the person to whom the oath is administered is sworn ". . . by the holding up of the right hand . . ."
The notary/commissioner in this case executed the document with language that the subscriber acknowledged his statement to be his free act and deed and did not contain any language that the affiant swore to the truth of his statement on the certificate. Because of this omission, CT Page 4214 the plaintiff claims the lien is invalid.
At the hearing before this court, the subscriber to the lien, Mr. Giangreco testified and the notary/commissioner, Attorney Carlson, submitted an affidavit that an oath was in fact administered by Carlson to Mr. Giangreco by Giangreco raising his right hand and swearing to the truth of the statement contained in the lien certificate.
Our Supreme Court has had occasion to discuss and rule on the oath requirements pursuant to § 49-34.
In Red Rooster Construction Company v. River Associates, Inc., Et Al.,224 Conn. 563 (1993), the court opined that although the notarization of the certificate stated that it was signed under oath by the signatory, it, in fact, was not, and further the signature did not follow any passage stating that it was his solemn oath that the facts were true.
Under those circumstances the court held the lien invalid.
In the case at hand, the affiant did perform the oath administered to him by Attorney Carlson who required the affiant to acknowledge to him that he understood that he was under oath, that he swore to the truth of the statement, and that he freely signed the statement.
It is this court's opinion that the execution of the lien by Mr. Giangreco and Attorney Carlson were sufficient under the mandate of RedRooster to validate the lien in question.
The court finds the mechanic's lien valid and denies the plaintiff's motion to discharge the lien.
Freed, J.